———o———

## TAI LAN *v.* PILIPO CONTRADES.

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

SUBMITTED JANUARY 12, 1904.    DECIDED JANUARY 19, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Non-owners having executed two leases to different persons and the owner being estopped by his conduct from denying the validity of either lease, and the first lessee's assignee being in possession, equity cannot decree delivery of possession or damages against the owner at the suit of the second lessee.

OPINION OF THE COURT BY FREAR, C.J.

Prior to 1896 a deed was executed and recorded purporting to convey the land in question from the defendant to his three children by Hokela. In January, 1896, one of these children,

then a minor, executed a lease of the land to one Morgan for ten years with a privilege of renewal. In January, 1901, this child, then of age, and Hokela, as guardian of the other two, though she had not received her letters of guardianship or filed her bond, executed a lease of the land to the plaintiff for ten years with a privilege of renewal. In June, 1902, the defendant obtained a decree, in a suit to quiet title, that the deed of 1896 to his children was fraudulent and void and that he was owner of the land. Morgan took possession under the first lease, and his assignee now has possession thereunder. The plaintiff has been unable to obtain possession under the second lease.

This is entitled a suit for specific performance. The allegations of the bill are somewhat uncertain but it is manifest that the suit is one to compel the defendant to deliver possession to the plaintiff and for damages. The plaintiff relies on an estoppel from the fact that the defendant at the time of the execution of the second lease represented that the land belonged to the children and that they could lease it. The defendant contends that the plaintiff knew all about the first lease and that the understanding was that he should buy out the holder of that lease. There were several other points in dispute. The Circuit Judge found against the defendant, but allowed damages only and not possession because the defendant was estopped as to the first lease also, by his representations made at the time that was executed, and so could not deliver possession. We will assume that the defendant is estopped from denying the validity of the leases.

Neither the lessee's assignee in possession under the first lease nor the lessors in the second lease are made parties. The second lease, under which the plaintiff claims, has been executed and delivered. The defendant was not a party to that, and entered into no covenant or promise in or out of that lease to execute a lease or to deliver possession or to do anything else. He does not have possession. And yet a bill is brought to compel him to specifically perform—what? by delivering possession and paying damages. At best the bill is merely for possession and dam-

394 JANUARY, 1904.

ages, an ejectment bill, which, of course, should be dismissed as not within the jurisdiction of equity. *Kuala v. Kuapahi,* *ante* p. 300.

The decree appealed from is set aside, and the case remanded to the Circuit Judge with directions to dismiss the petition and for any other or further proceedings consistent with this opinion.

*S. K. Kaeo* and *A. G. Correa* for plaintiff.

*M. F. Prosser* for defendant.